Lin v. Holder

BIA
A073 488 574

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand fourteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MAO HE LIN,
> *Petitioner,*

> v.                                        13-590
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Zhou Wang, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; William C. Peachey, Assistant Director; Brianne Whelan Cohen, Acting Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mao He Lin, a native and citizen of the People's Republic of China, seeks review of a February 7, 2013, decision of the BIA denying his motion to reopen. *In re Mao He Lin*, No. A073 488 574 (B.I.A. Feb. 7, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, remaining mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The BIA did not abuse its discretion in denying Lin's motion because he did not show his prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (a movant's failure to establish a prima facie case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen). In order to

2

show that he had a well-founded fear of persecution on account of his practice of Falun Gong if he returned to China, Lin submitted: a letter from a friend in China which stated that Chinese police warned the friend that he and Lin "must not engage in illegal activity any more"; an affidavit from his brother, which stated that on the brother's last visit to China from the United States, the police gave him a notice stating that they were aware Lin was illegally "spread[ing] Falun Gong to the Chinese citizen" and was required to surrender himself to the police if he returned to China; and the police notice itself.  The BIA reasonably afforded this evidence minimal weight, as the police notice was unsigned and unauthenticated, and the letter and affidavit were from interested witnesses.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight afforded to a movant's evidence lies largely within the discretion of the agency).

Furthermore, even taking these documents as proof that the Chinese government is aware of Lin's practice of Falun Gong, the police notice did not specify what, if any, penalties Lin would face as a result of his practice.  As a result, the evidence does not demonstrate that Lin might

face any harm rising to the level of persecution. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 172 (2d Cir. 2008) (evidence of penalties or sanctions does not necessarily signal a reasonable possibility of persecution); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (an alien's fear of future persecution must be objectively reasonable).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4